## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DAVID MANJARRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 09 C 4689 |
| v. | ) |
| | ) |
| NALCO COMPANY, STEPHEN N. LANDSMAN, and LAURIE MARSH, | ) JUDGE DAVID H. COAR |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff David Manjarres ("Manjarres" or "Plaintiff") filed a ten-count complaint against Defendants Nalco Company ("Nalco"), Stephen N. Landsman ("Landsman"), and Laurie Marsh ("Marsh") (collectively "Defendants")[1] on June 23, 2009. Count X alleges defamation against Landsman and Marsh. Currently before the Court is Defendants' motion to dismiss Count X (Defamation) pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons given below, Defendants' motion to dismiss is GRANTED.

### FACTUAL BACKGROUND

The following facts are taken from Plaintiff's complaint and accepted as true for the purposes of this motion. From April 2005 until October 2008, Plaintiff worked as an attorney for Defendant Nalco. (Compl. ¶¶ 1-2.) Plaintiff alleges that, at various times during his employment, including at least during 2007 and 2008, Defendants Marsh and Landsman made defamatory statements to staff employees that caused Plaintiff mental anguish, injured his professional reputation, and impaired his ability to earn a living. (*Id.* at ¶¶ 6-7.) Plaintiff alleges

---

[1] The Complaint does not set out the relationship between Landsman or Marsh and Nalco. However, the motion to dismiss states that (at all relevant times), Landsman was Nalco's Vice President of General Counsel (and Plaintiff's supervisor), and Marsh was one of Plaintiff's "internal clients in Nalco's HR department."

- 1 -

that Defendants' statements included comments that Plaintiff "is unprofessional," "is incompetent," "is unethical," and that "we've had other attorney's go crazy, maybe that is what is happening to him," and that neither Marsh nor Landsman had a legitimate business reason for making such statements to staff employees. *Id*.

### LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded allegations in the plaintiff's complaint as true and draws all possible inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). Accordingly, to survive a motion to dismiss, a complaint must simply "state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it demonstrates "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. The plaintiff's factual allegations need not be "detailed," but they must include more than "labels and conclusions" in order to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957)) (internal quotation marks omitted).

### ANALYSIS

Defendants contend that Plaintiff's claim should be dismissed because the allegedly defamatory statements are statements of opinion protected by the first amendment. To state a claim for defamation under Illinois law, "a plaintiff must present facts showing that the defendant made a false statement about the plaintiff, the defendant made an unprivileged

publication of that statement to a third party, and that this publication caused damages." *Solaia Tech., LLC v. Specialty Publ'g Co.*, 852 N.E.2d 825, 839 (Ill. 2006) (citing *Krasinski v. United Parcels Serv., Inc.*, 530 N.E.2d 468 (Ill. 1988)).  Statements are considered defamatory *per se* when the words are "so obviously and inevitably hurtful to the plaintiff that damage to his reputation may be presumed." *Mittelman v. Witous*, 552 N.E.2d 973, 982 (Ill. 1989) (internal citations omitted).  Accordingly, where these types of words are at issue, a plaintiff "need not plead or prove actual damage to her reputation to recover." *Bryson v. News Am. Publ'ns, Inc.*, 672 N.E.2d 1207, 1214 (1996) (citing *Owen v. Carr*, 497 N.E.2d 1145, 1147 (1986)).  Illinois recognizes five categories of statements that are considered defamatory *per se*: (1) words that impute a person has committed a crime; (2) words that impute a person is infected with a loathsome communicable disease; (3) words that impute a person is unable to perform or lacks integrity in performing her or his employment duties; (4) words that impute a person lacks ability or otherwise prejudices that person in her or his profession; and (5) words that impute a person has engaged in adultery or fornication.  *Van Horne v. Muller*, 705 N.E.2d 898, 903 (Ill. 1998) (citing *Bryson,* 672 N.E.2d at 1214-15).

Even if it is defamatory *per se*, a statement "still may enjoy constitutional protection as an expression of opinion." *Solaia,* 852 N.E.2d at 581.  Such statements are not actionable, and the court may make this determination as a matter of law. *Hopewell v. Vitullo*, 701 N.E.2d 99, 102 (Ill. App. Ct. 1998) (citing *Doherty v. Kahn*, 682 N.E.2d 163, 172 (Ill. App. Ct. 1997)).  The test is "restrictive: a defamatory statement is constitutionally protected only if it cannot be reasonably interpreted as stating actual fact." *Solaia*, 852 N.E.2d at 840 (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 208 (Ill. 1992)).  Further, "mixed expressions of opinion and fact may also be actionable." *Barakat, M.D. v. Matz, M.D.*, 648 N.E.2d 1033, 1041 (Ill. App. Ct.

1995) (citing *Mittelman*, 552 N.E.2d at 983). "There is no artificial distinction between opinion and fact: a false assertion of fact can be defamatory even when couched within apparent opinion or rhetorical hyperbole." *Solaia*, 852 N.E.2d at 840. However, because "all opinions imply facts," the "question of whether a statement is actionable is one of degree . . . The [more vague] and . . . generalized the opinion[,] the more likely the opinion is nonactionable as a matter of law." *Gerrard v. Garda*, No. 08-cv-1146, 2009 WL 269028, at *3 (C.D. Ill. Jan. 30, 2009) (citing *Hopewell*, 701 N.E.2d at 105).

Courts consider several factors "to determine whether a statement reasonably presents or implies the existence of facts about the plaintiff." *Hopewell*, 701 N.E.2d at 103. In *Hopewell*, the Illinois Appellate Court explained:

> First, we consider whether the language of the statement has a precise and readily understood meaning, while bearing in mind that the first amendment protects overly loose, figurative, rhetorical, or hyperbolic language, which negates the impression that the statement actually presents facts. Second, we consider whether the general tenor of the context in which the statement appears negates the impression that the statement has factual content. Lastly, we consider whether the statement is susceptible of being objectively verified as true or false.

*Id.* (internal citations omitted). While courts assess the totality of the circumstances to determine whether a statement constitutes opinion, "the emphasis is on whether the statement is capable of objective verification." *Rose v. Hollinger Int'l, Inc.*, 889 N.E.2d 644, 648 (Ill. App. Ct. 2008) (internal citations omitted). In making this determination, courts consider whether the statements were made in a "specific factual context." *Id.* at 649 (citing *Schivarelli v. CBS, Inc.*, 776 N.E.2d 693, 698 (Ill. App. Ct. 2002)). Without specific, underlying facts, statements are nonactionable opinion. *Piersall v. SportsVision of Chicago*, 595 N.E.2d 103, 106-7 (Ill. App. Ct. 1992) ("there are no specific facts at the root of [plaintiff's] statement, complete or incomplete, capable of being objectively verified as true or false").

Plaintiff alleges that Defendants Marsh and Landsman made defamatory statements to Nalco employees, including that Plaintiff "is unprofessional," "is incompetent," "is unethical," and that "we've had other attorney's go crazy, maybe that is what is happening to him." Plaintiff argues that these statements are defamatory *per se*, and Defendants do not dispute this characterization. Instead, Defendants argue that the statements are constitutionally protected, nonactionable opinions. The Court considers each allegedly defamatory statement in turn.

**I. Alleged Statements that Plaintiff was "Unprofessional" and "Incompetent"**

Defendants argue that the alleged statements that Plaintiff was "unprofessional" and "incompetent" are nonactionable opinions. The Court agrees. Plaintiff fails to provide the factual context necessary to render these statements susceptible of objective verification; the alleged statements contain no specific facts suggesting a verifiable basis and offer no references to personal experiences with Plaintiff. Moreover, Plaintiff provides no additional statements that shed light on the meaning of Defendants' alleged comments. *See Installation Servs., Inc. v. Crown Castle Broad. USA Corp.*, Nos. 06 C 9, 04 C 6906, 2006 WL 2024220, at *4-5 (N.D. Ill. July 13, 2006) ("By itself, Kapp's statement that ISI was 'not qualified or competent' is too vague to be capable of verification. And ISI has offered no other statements that shed light on the phrase's meaning. . . . [T]he phrase cannot form the basis of a defamation action"). Courts have held such vague statements capable of verification only when a specific factual basis or context is also provided. *See Bogosian v. Bd. of Educ. of Cmty. Unit Sch. Dist. 200*, 134 F.Supp.2d 952, 957 (N.D. Ill. 2001) ("Standing alone, [the phrase 'unprofessional'] could be construed as a statement of opinion, but the verifiable factual basis for the opinion is clear from the balance of Ms. Gould's statements."); *Barakat*, 648 N.E.2d 1033 at 1042 (defendants' statements that he "had patients from [plaintiff] before," that plaintiff's "opinion wasn't any

good," and that plaintiff was not "any good as a doctor" were at least a mixed expression of fact and opinion because they "imply an underlying factual basis which could be verified, i.e., previous patients from plaintiff which were examined by defendant").

Further, without more context, the statements that plaintiff was "unprofessional" and "incompetent" are too vague to have a readily understood meaning. *See Hopewell*, 701 N.E.2d at 103. The meaning of such general terms easily could differ among Plaintiff's colleagues. Without any details, the Court can only speculate as to the specific meaning intended. Courts have repeatedly held similar statements nonactionable. In *Hopewell*, the Illinois Appellate Court held that the statement "fired because of incompetence" was nonactionable because:

> Regardless of the fact that "incompetent" is an easily understood term, its broad scope renders it lacking the necessary detail for it to have a precise and readily understood meaning. There are numerous reasons why one might conclude that another is incompetent; one person's idea of when one reaches the threshold of incompetence will vary from the next person's. Without the context and content of the statement to limit the scope of "incompetent," we cannot say that there is a precise meaning relating to the alleged defamatory statement.

*Id.* at 104; *see also Brown v. GC Am., Inc.*, No. 05 C 3810, 2005 WL 3077608, at *7-8 (N.D. Ill. Nov. 15, 2005) (finding comments that plaintiff "was incompetent" and "had no ability to teach the continuing education courses he was teaching" lacked a readily understood meaning and were nonactionable opinion); *Green v. Trinity Int'l Univ.*, 801 N.E.2d 1208, 1220 (Ill. App. Ct. 2003) ("[A]ny statements that plaintiff acted rudely, spent too much class time on material unrelated to his course, and was 'unprofessionally candid' constitute non-actionable opinion. What is considered rude or unprofessional differs from person to person.").

**II. Alleged Statement that Plaintiff was "Unethical"**

The same analysis establishes that the statement that Plaintiff was "unethical" constitutes nonactionable opinion. Again, Plaintiff fails to provide any specific facts that could render the

statement capable of verification. There are no details, no particular incidents, and no underlying basis by which to verify the allegation; only the statement itself is provided. While broad terms like "unethical" may imply general ideas, they do not imply the underlying specific facts necessary to support a claim for defamation. *Gardner v. Senior Living Sys., Inc.*, 731 N.E.2d 350, 355 (Ill. App. Ct. 2000) (statement that plaintiff was "unethical" was constitutionally protected opinion because it could not be "reasonably interpreted as stating actual verifiable facts"); *compare American Hardware Mfrs. Ass'n v. Reed Elsevier*, No. 03 CV 9421, 2010 WL 55657, at *8 (N.D. Ill. Jan. 4, 2010) (statements including that plaintiff "simply cannot compete at this level so it has resorted to illegal and unethical activity" were "not presented as verifiable statements of fact" and were therefore nonactionable); *Flentye v. Kathrein*, 485 F.Supp.2d 903, 920 (N.D. Ill. 2007) (allowing claim to proceed but noting "the only statement that appears to be clearly opinion is that the plaintiff 'lacks an ethical compass'"); *with Dubinsky v. United Airlines Master Executive Council*, 708 N.E.2d 441, 450-51 (Ill. App. Ct. 1999) (newsletter's statement that plaintiff "arranged to 'pay up on a secret, illegal and wildly unethical success fee'" contained specific factual assertions and was not protected opinion); *Dry Enters., Inc. v. Sunjut AS*, No. 07 C 1657, 2008 WL 904902, at *6-7 (N.D. Ill. March 31, 2008) (statement that "Dry and Hazneci were not acting 'in accordance with our partnership and concepts of ethics,' taken alone, is not defamatory because it is an opinion," but is actionable in the context of an e-mail describing violation of the partnership agreement).

Without citing to any authority, Plaintiff argues that the professional codes and ethical obligations of attorneys render Defendants' alleged statement capable of objective verification. Even if this were true, and professional codes generally provided a yardstick with which to measure behavior, Plaintiff still has not provided the necessary factual basis to allow for

objective verification of the alleged statement here.  In *Barakat*, an Illinois Appellate Court held that a doctor's defamatory statements about another doctor were capable of objective verification because the plaintiff provided a specific factual basis, namely that the defendant had examined plaintiff's patients previously.  648 N.E.2d at 1042.  The existence of medical standards of care was neither central nor necessary for the determination.  A means of objectively verifying a statement is only helpful if the statement is grounded in facts that render it capable of verification.  As discussed above, the statement that Plaintiff was "unethical" is not grounded in any facts, and Plaintiff's reference to attorneys' general ethical codes cannot cure this deficiency.

   **III. Alleged Statement that Plaintiff was "Crazy"**

Finally, the Court finds that Defendants' alleged statement, "we've had other attorneys go crazy, maybe that is what is happening to him" is not an actionable statement of medical fact.  In *Haywood v. Lucent Technologies, Inc.*, a Northern District of Illinois judge held that the allegedly defamatory statement that Plaintiff was "unstable" was not objectively verifiable and therefore not actionable.  169 F.Supp.2d 890, 915-16 (N.D. Ill. 2001).  The court explained, "[a]lthough the statement of [plaintiff]'s instability could conceivably be verified by some psychological evidence, neither party has produced any evidence to suggest that it is verifiable, so the statement is nonactionable opinion."  *Id.*   Here, as in *Haywood*, Plaintiff's complaint is devoid of additional facts or statements that suggest "crazy" referenced a medical diagnosis capable of verification rather than Defendants' opinion.  Moreover, Plaintiff provides no context to suggest that this statement is anything more than "rhetorical hyperbole" or "mere name calling."  *Pease v. Int'l Union of Operating Eng'rs Local 150*, 567 N.E.2d 614, 619 (Ill. App. Ct 1991) (finding statements that "He's dealing with half a deck, . . . I think he's crazy" were not actionable).

In sum, the Court finds none of Defendants' allegedly defamatory statements actionable. In cases where courts have found statements actionable, the plaintiff has provided far greater detail regarding either the content or the context of the statements. *See Moriarty v. Greene*, 732 N.E.2d 730, 739 (Ill. App. Ct. 2000) (statement that plaintiff "readily admitted that she sees her job as doing whatever the natural parents instruct her to do" was actionable because whether or not she admitted something could be objectively verified); *see also Solaia,* 852 N.E.2d at 841 (finding statement that plaintiff's patent was "essentially worthless" was actionable because although it "has no precise meaning in the abstract," it had a "very precise meaning in the context of the letter" in which the phrase appeared). For this reason, the cases on which Plaintiff relies are each distinguishable. In *Quality Granite Constr. Co. v. Hurst-Rosche Eng'rs, Inc.*, the statements at issue referenced specific shortcomings in the plaintiff's work, including the plaintiff's "failure to complete the project in a timely manner, substandard workmanship, reluctance to complete punch list items and inability to correctly interpret the contract documents, plans and specifications as bid." 632 N.E.2d 1139, 1142-43 (Ill. App. Ct. 1994). And in *Barakat*, as discussed above, the defendant's prior examination of the plaintiff's patients rendered his statements about the plaintiff's competence capable of verification. 648 N.E.2d at 1042. The more detailed, factually verifiable statements in these cases are not analogous to the short, vague statements in the present case. Because the allegedly defamatory statements here do not include facts sufficient to render them objectively verifiable, the Court finds that these statements constitute nonactionable opinion.

Finally, Plaintiff's general allegation that additional statements were made does not save his defamation claim from dismissal. Plaintiff argues that, because the statements alleged in the complaint are merely representative and not an exhaustive list, the Court should permit him to

perform discovery. (Pl. Br. 11-12.) However, "claims of defamation are subject to specific pleading requirements." *Dry Enters.*, 2008 WL 904902, at *4. "Generally, a defamation plaintiff fails to satisfy the requirements of notice pleading unless he specifically states the words alleged to be actionable." *Harris v. City of W. Chicago,* No. 01 C 7527, 2002 WL 31001888, at *8 (N.D. Ill. Sept. 3, 2002) (citing *Seaphus v. Lilly,* 691 F.Supp. 127, 134 (N.D. Ill. 1988)). "The reason a plaintiff must, under notice pleading requirements, plead the specific words alleged to be actionable is that knowledge of the exact language used is necessary to form responsive pleadings." *Id.* (citing *Woodard v. Am. Family Mut. Ins. Co.*, 950 F.Supp. 1382, 1388 (N.D. Ill. 1997)). Plaintiff's allegation that additional defamatory statements were made "at various times in at least 2007 and 2008" does not provide the detail necessary to conform to these pleading standards. (Compl. ¶ 6.) Accordingly, this general allegation does not save Plaintiff's defamation claim from dismissal.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED.

Enter:
/s/ David H. Coar

_____
David H. Coar
United States District Judge

**Dated:** March 9, 2010